NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY GEORGES,<br><br>Plaintiff,<br><br>v.<br><br>K FIOIRE, et al.,<br><br>Defendants. | No. 20cv13561 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Ashley Georges, a state prisoner in South Woods State Prison, New Jersey, submitted a proposed Third Amended Complaint ("TAC") against attorneys Helen C. Godby and Yvonne Smith Segars of the New Jersey Office of the Public Defender ("OPD") for alleged interference with Plaintiff's right to access the courts during his state post-conviction relief ("PCR") proceedings and his federal habeas petition. D.E. 20. Because Plaintiff has been granted *in forma pauperis* ("IFP") status, D.E. 8, the Court must review the TAC to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief, 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court will **DISMISS** the TAC *with prejudice* for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend is **DENIED**.

I.      BACKGROUND

Plaintiff filed his original Complaint on September 29, 2020, D.E. 1, and an Amended Complaint on October 7, 2020, D.E. 2.  On January 13, 2021, the Honorable Claire C. Cecchi,

D.N.J., administratively terminated the matter because Plaintiff had not paid the filing fee or submitted an IFP application.  D.E. 3.  Plaintiff submitted an IFP application, which Judge Cecchi granted on October 20, 2021.  D.E. 8.  Judge Cecchi also dismissed the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915.  *Id.*  Plaintiff was permitted to file a Second Amended Complaint, which he did on March 21, 2022.[1]

The Court dismissed the Second Amended Complaint without prejudice on July 6, 2023.  D.E. 16.  The Court gave Plaintiff one final opportunity to submit a complaint that could survive its § 1915 review.  *Id.*; D.E. 15 at 1.  Plaintiff submitted his TAC on September 29, 2023.

## II.     LEGAL STANDARD

To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints

---

[1] The matter was reassigned to the undersigned on June 28, 2022.  D.E. 12.

2

filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

III.  ANALYSIS

Plaintiff alleges Godby and Segars violated his right to access the courts during his PCR proceedings because they did not file a timely notice of appeal from the PCR court's denial of Plaintiff's PCR petition. TAC ¶¶ III.xx. He alleges their failures caused Plaintiff's § 2254 petition to be dismissed as time-barred pursuant to the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"). *Id.*; *see also Georges v. Bartkowski*, No. 10cv6300 (D.N.J. Aug. 22, 2019), *certificate of appealability denied sub. nom. Georges v. Administrator New Jersey State*, No. 21cv1954 (3d Cir. Jan. 12, 2022).

A.  **Plaintiff Has Not Stated an Access-to-the-Courts Claim Against Helen Godby**

Helen Godby is an Assistant Deputy Public Defender in the OPD's Intake Unit. TAC ¶¶ III.xx. Plaintiff alleges he spoke with Godby to determine the status of his PCR appeal. *Id.* ¶ VII.6. He states she "misadvised Plaintiff that his [notice of appeal] was already in and his [notice of appeal] was timely. Defendant Godby then deliberately sent Plaintiff a letter weeks later after his phone conversation with her, dated October 31, 2007 . . . explaining that a file was opened on his behalf and that assignment of counsel would take several months." *Id.* ¶ VII.7. He also asserts that she "deliberately submitted a delayed supplemental notice of appeal and notice of appearance . . . after Plaintiff's statute of limitation expired, which resulted in his habeas corpus petition being time barred." *Id.* ¶ VII.8.

To state a claim for relief under § 1983, a plaintiff must allege that: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See Malleus v. George*, 641

F.3d 560, 563 (3d Cir. 2011). However, "public defenders are not state actors under § 1983 when they 'perform[] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Rambert v. Dist. Att'y Philadelphia*, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022) (per curiam) (alteration in original) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). This includes public defenders who are appointed to represent prisoners during PCR proceedings. *See Albrecht v. Hamilton*, 233 F. App'x 122, 124 (3d Cir. 2007) (per curiam).

Plaintiff alleges Godby did not file a timely notice of appeal after the PCR court denied Plaintiff's petition despite telling Plaintiff that she had filed the notice. TAC ¶¶ VII.6-8. Filing appeals and client communications are within the traditional functions of criminal defense attorneys. Therefore, Godby is not a "state actor" within the meaning of § 1983. *See Cobbs v. Northampton Cnty. Courthouse*, 2010 WL 4910890, at *1 (E.D. Pa. Dec. 1, 2010) (finding defense attorney was not acting under color of state law for § 1983 claim that he failed to file timely motions and appeals); *Pumphrey v. Pereksta*, 2008 WL 5100693, at *3 (D.N.J. Nov. 26, 2008) (finding defense attorney was not acting under color of state law for § 1983 claim that he failed to "file a timely appeal from [plaintiff's] conviction").

Plaintiff has otherwise failed to state an access-to-the-courts claim against Godby even if she could be considered a state actor. "To allege an access-to-the-courts claim, a prisoner is required to show that the denial of access caused actual injury." *Conrad v. De Lasalle*, 2021 WL 4593273, at *4 (D.N.J. Oct. 6, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)); *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam)). Plaintiff alleges that "[d]ue to the time bar, Plaintiff suffered actual injury, such as but not limited to, Discovery Motions and Evidentiary Hearing, which Plaintiff qualified for under 2254(e)(2)." TAC ¶ VI.xx. The chance for motion practice or a hearing is not an actual injury for purposes of an access-to-the-courts

4

claim. "An actual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Conrad*, 2021 WL 4593273, at *4 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). In other words, Plaintiff can only state an access-to-the-courts claim by pleading facts that support a reasonable inference that his § 2254 petition "was arguable as opposed to frivolous or hopeful." *Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109, 112 (3d Cir. 2015).

"[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher*, 536 U.S. at 415. The lost cause of action must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*; *see also Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (citing *Christopher*). Plaintiff has not described his § 2254 petition at all, never mind with enough detail for this Court to reasonably infer that the petition was "more than hope." *See* TAC *passim*; *see also Monroe*, 597 F. App'x at 113 (affirming dismissal of access claim where plaintiff did not specifically allege how destroyed legal materials would have been used in post-conviction relief motion). Therefore, the Court will **DISMISS** the access-to-the-courts claim against Godby.

> B. **Plaintiff Has Not Stated an Access-to-the-Courts Claim Against Yvonne Smith Segars**

Plaintiff alleges that Segars was the Supervising Public Defender at the time of his PCR proceedings. TAC ¶ III.xx. He alleges she "created a policy or custom allowing or encouraging the illegal acts; and/or failed to adequately train or supervise her subordinates from filing indigent defendants['] Notice of Appeals later than the permitted 45 days . . . ." *Id.* A "public defender may act under color of state law while performing certain administrative, and possibly investigative, functions." *Georgia v. McCollum*, 505 U.S. 42, 54 (1992). As Plaintiff bases his

5

claims against Segars on her policy-making role for the OPD, the Court presumes for screening purposes only that Segars would be considered a state actor. Regardless, Plaintiff has not stated a claim for which he would be entitled to relief under § 1983.

"Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries. He may do so by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges." *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019). "Claims alleging a failure to train, failure to discipline, or failure to supervise are a subset of ... policy or practice liability." *Womack v. Moleins*, 2015 WL 420161, at *3 (D.N.J. Jan. 30, 2015) (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015)).

   1. *Failure to Supervise*

The Third Circuit has established a four-part test for determining whether an official may be held liable on a claim for failure to supervise:

> The plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

*Barkes*, 766 F.3d at 317 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). "The essence of the type of claim . . . is that a state official, by virtue of his or her *own* deliberate indifference to *known* deficiencies in a government policy or procedure, has allowed to develop an environment in which there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur." *Id.* at 319–20 (emphasis in original).

Plaintiff asserts Segars "supervises the poor customary practices of allowing the [OPD Intake Unit] to deliberately file indigent defendants['] [Notice of Appeal] weeks, months, and even up to a year late." TAC ¶ VII.10. "As a result, many indigent defendants, who [have] been represented by OPD throughout their entire criminal matter are regularly time barred from filing their 2254 habeas petitions." *Id.* He states Segars should have "hire[d] or request[ed] proper assistance" to make sure appeals are filed timely. *Id.* ¶ VII.11. Plaintiff's claim against Segars fails for the same reason that his claim against Godby fails; because he has not provided facts from which this Court could plausibly infer a denial of access to the courts. There are no facts that support a conclusion that Plaintiff's § 2254 petition "was arguable as opposed to frivolous or hopeful." *Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109, 112 (3d Cir. 2015). Without those facts, the Court cannot infer that Segar's failure to supervise OPD staff caused a constitutional violation.

2. *Failure to Train*

"[F]ailure to train may amount to deliberate indifference where the need for more or different training is obvious, and inadequacy very likely to result in violation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999). "A plaintiff sufficiently pleads deliberate indifference by showing that (1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of

7

employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'" *Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011)) (alterations in original). Plaintiff has not pled any facts that would support a reasonable inference that Segar was deliberately indifferent to likely incidents of unconstitutional conduct in connection with filing notices of appeal. He also has not pled facts indicating that those errors caused criminal defendants to be denied access to the courts.

Plaintiff has not pled facts supporting a failure-to-supervise or failure-to-train claim against Segars. Therefore, the Court will **DISMISS** the claims against Segars.

### C. The Court Will Deny Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff has had three chances to file a complaint that states a valid claim under § 1983; he has failed to do so. The Court finds that further attempts to amend would be futile. The Court will **DISMISS** the TAC *with prejudice* for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Stokes v. Price*, 2020 WL 6144758, at *4 (D.N.J. Oct. 20, 2020) (denying leave to amend after plaintiff's third attempt).

### IV. CONCLUSION

For the reasons above, the Court will **DISMISS** *with prejudice* the TAC, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will **DENY** leave to amend. An appropriate order follows.

4/12/2024  
Date

*Evelyn Padin* (signature)  
Evelyn Padin, U.S.D.J.